## UNITE STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CASSANDRA M. PAYNE,** | ) | |
| **2300 Good Hope Road, SE Apt 704** | ) | |
| **Washington, D.C. 20020** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **DIRK KEMPTHORNE,  SECRETARY** | ) | **Jury Trial Demand** |
| **DEPARTMENT OF THE INTERIOR** | ) | |
| **1849 C Street, NW** | ) | |
| **Washington, DC 20240** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### COMPLAINT

Plaintiff Cassandra Payne, by and through counsel, sues Defendant Dirk Kempthorne, Secretary, Department of the Interior, and for her complaint states as follows.

This is an action by Cassandra Payne, an employee of the Department of the Interior, subjected to unlawful retaliation after she engaged in protected EEO activity.

### JURISDICTION AND VENUE

1.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.   Jurisdiction is founded on 42 U.S.C. Section 2000, et seq., 28 U.S.C. Sections 1331 and 1343(3) and (4).  The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. Sections 2201 and 2202.

2.     Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Payne's claims occurred in this judicial district and Defendant may be found in this judicial district.

## FACTS

3.     Plaintiff Cassandra Payne is employed as a Maintenance Worker, WG-6, at the Department of Interior.  Ms. Payne began employment at the Department of Interior in 1978.  She began employment at Rock Creek Park in Washington, D.C. in April 1984. From 1984 until June 2000, she worked as a tractor operator and worked from 7:00 am to 3:00 p.m., Monday through Friday.  In 2000, Ms. Payne suffered a near fatal allergic reaction to a bee sting while at work.  She returned to work but she was removed from all outside duties.

4.     In June 2004, Ms. Payne was assigned duties at the Rock Creek Nature Center. Ms. Payne was never given a job description, but was told her job included cleaning the building.  She reported to Dwight Madison, an African American male.

5.     Ms. Payne is a Christian.  Prior to her return to work, she was able to attend church on Sunday and Bible Study.  In June 2000, Ms. Payne requested weekend leave so that she could attend a bible college in Washington, D.C. on Saturdays and attend church services on Sundays.

6.     She first made this request to her supervisor, Dwight Madison.  When she would ask her supervisor, Dwight Madison, if she could have Saturdays and Sundays off, he would tell her no.  Madison stated that Cindy Cox, Assistant Superintendent, and Superintendent Adrienne Coleman told him that she could not be allowed to have the

2

weekends off because all front line interpretive staff assigned to the Nature Center or other public sites, including Ms. Payne, work Wednesday through Sunday.

7.      In September 2002 and January 2003, Ms. Payne approached Madison and requested Saturdays and Sundays off. Madison told her that she could not be trusted in the building alone. Ms. Payne knew this was not true because she would often set the alarm and lock the building at the end of the day.

8.      On April 2, 2003, Ms. Payne was out from work on worker's compensation due to an on-the-job back injury. She returned to work on December 31, 2003. When she returned to work, she was told by Lora Williams and Dan Winnings that ranger Anne O'Neil was granted time off for the weekends to spend more time with her new born child.

9.      In January 2004, Ms. Payne approached Madison again for Sundays off, and he again refused her request and stated to her that the Agency would never give her weekends off because the Agency was trying to fire her. He then told Ms. Payne to stop asking for time off to go to church service. When Ms. Payne asked for a copy of her position description, Madison refused. At that point, Ms. Payne went to the Public Relations office to request a meeting with Mr. Ken Brodie, Public Relations Specialist, to discuss her treatment at the nature center.

10.     In May 2004, Ms. Payne complained to Joy Harris, EEO counselor, about not being able to have the weekends off to attend religious services. Ms. Harris told Ms. Payne to go back to her supervisor and ask for Sundays off. Ms. Payne went back to Madison, and once again, he refused to allow her to have the weekends off to attend

3

church services. Ms. Payne then requested a meeting with her supervisor and Laura Illige
to discuss her request.

11.    On May 28, 2004, Ms. Payne met with Madison, Newman and other Agency
managers and complained about the denial of leave for religious purposes. Ms. Payne
filed an EEO complaint in September 2004.

12.    After filing the EEO complaint, Ms. Payne was subjected to a hostile work
environment and retaliation by Agency managers. Dwight Madison began preparing a
work schedule for Payne to follow, which ordered Ms. Payne to perform specific duties
each minute of her work day. Prior to filing the EEO complaint, she was permitted to
organize her own day and perform duties as she deemed necessary, as long as all duties
were performed. Madison did not issue a specific work schedule to any of the other
employees in the nature center that he supervised. Before Ms. Payne filed the EEO
complaint, she was allowed to eat her breakfast with the other employees before
beginning work at 9:00 a.m. Immediately after Ms. Payne filed the EEO complaint,
Madison no longer allowed her to eat her breakfast before she started work with the other
employees and required her to begin work at 8:45 a.m., while everyone ate their breakfast
and started work at 9:00 am.

13.    In addition, Madison began monitoring her movement as far as the work schedule
was concerned. When she was late for work, he would make her sign a leave slip, but
when her co-workers were late, such as Susan Kennedy, he did not require them to sign a
leave slip. Madison required Ms. Payne to get on her hands and knees to scrub the floor,
even though he knew she had a cracked disc in her back. Madison also forced her to go
up and down a step ladder to wash vertical blinds even though she was overweight due to

depression from the treatment she received at the Agency. Ms. Payne gained over 100 pounds from the time she began working at the Agency.

14.     On September 16, 2004, Ms. Payne approached Madison with a leave slip because there was a day open on the calendar. He would not immediately approve her request but told her he would see what he could do. Immediately after he denied her leave, Lora Williams, a co-worker, asked him if she could leave to be with her boyfriend. Madison gave Lora Williams and himself the day off, even though Ms. Payne had requested that day.    Madison also issued Ms. Payne a negative performance appraisal after she filed her EEO complaint.

15.     Later in September 2004, Ms. Payne asked Madison why she was being treated differently than other employees. Madison told Ms. Payne that it was none of her business. Ms. Payne told Madison that she was going to inform Alberta Newman about the incident. He replied that he did not care who she told, while making mocking gestures and laughing at her.

16.     After Ms. Payne left, she called Alberta Newman and told her that she was stressed from the incident. Ms. Payne also told her that the stress required that she leave for the day. Shortly after this incident, Ms. Payne was under a tremendous amount of stress and her back collapsed and she fell to the floor. Madison and Laura Illige were present when Ms. Payne collapsed. Ms. Payne asked Madison and Illige to call 911, and both did not respond. They just stared at her. Ms. Payne repeatedly asked them to call 911 and they refused. Ms. Payne told them that she was having an asthma attack and asked one of them would get her inhaler. Laura Illige finally got up to get the inhaler, but by that time, Ms. Payne had begun to vomit and wheeze. At that point, Illige finally

called 911.   Madison's treatment of Ms. Payne caused her to experience severe pain in

her back and required major back surgery and leave from work for three years.

17.     Ms. Payne's EEO complaint proceeded to the EEOC, and an administrative judge

issued a decision finding that the Agency discriminated against Ms. Payne based on

religion but found that the Agency did not retaliate against Ms. Payne.

**COUNT I**

**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. Section 2000e-3(a)**
**Retaliation**

Plaintiff realleges and incorporates the allegations of all paragraphs above as if

fully set forth in Count I.

18.     Plaintiff  was affected in a "term, condition and privilege" of employment  as

envisioned by 42 U.S.C. Section 2000e-2(a)(1) in that Defendant retaliated against

Plaintiff for filing an EEO claim.

19.     At all pertinent times, Defendant was an employer subject to the provisions of 42

U.S.C. Section 2000e et seq.

20.     At all pertinent times, Plaintiff was an employee entitled to protection under Title

VII.

21.     Title VII prohibits discrimination in employment and retaliation for engaging in

protected EEO activity.

22.     In violation of Title VII, Defendant was aware of Plaintiff's prior protected

activity, subjected her to a hostile work environment, altered the terms and conditions of

her employment, issued her a lower performance appraisal, and knowingly and

intentionally retaliated against Plaintiff by denying Plaintiff.

WHEREFORE, Plaintiff requests that the Court will:

      A.     Issue a declaratory judgment that Defendant's practices toward Plaintiff are in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

      B.     Enjoin Defendant from retaliating against employees who file EEO complaints under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

      C.     Grant Plaintiff judgment for compensatory damages against Defendant.

      D.     Grant Plaintiff his costs and a reasonable award of attorneys fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C Section 2000e-5(k), and all applicable statutes.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY DEMAND

Plaintiff demands a jury trial on all counts.

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cassandra M. Payne | Dirk Kempthorne, Secretary, Department of the Interior |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ 11001 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ 11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| David A. Branch Law Offices of David A. Branch, PC 1825 Connecticut Avenue NW, Suite 690 Washington, D.C. 20009 (202) 785-2805 | |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

**\*(If Antitrust, then A governs)\***

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| | | | |
|---|---|---|---|
| ○ **G. Habeas Corpus/ 2255**<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ⊙ **H. Employment Discrimination**<br>☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ **I. FOIA/PRIVACY ACT**<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ **J. Student Loan**<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| | | | |
|---|---|---|---|
| ○ **K. Labor/ERISA (non-employment)**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L. Other Civil Rights (non-employment)**<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ **M. Contract**<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N. Three-Judge Court**<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
42 U.S.C. Section 2000e-3(a), Defendant violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for filing an EEO claim.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

DATE 01/25/2008    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.