**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CASSANDRA M. PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>KEN SALAZAR, Secretary, Department of the Interior,<br><br>Defendant. | Civil Action No. 08-164 (CKK) |

**MEMORANDUM OPINION**
(June 22, 2009)

Plaintiff Cassandra M. Payne, an employee of the Department of the Interior, brings the instant lawsuit against Defendant Ken Salazar in his official capacity as Secretary of the Department of the Interior,[1] alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Currently pending before the Court is Defendant's Motion to Dismiss. After a searching review of the parties' briefing, the relevant case law and statutes, as well as the entire record herein, the Court shall GRANT Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), for the reasons that follow.

## I. BACKGROUND

According to Plaintiff's Amended Complaint, she is employed as a Maintenance Worker, WG-6, at the Department of the Interior ("Agency"). First Amended Complaint, Docket No. [8],

---

[1] Secretary Salazar is automatically substituted for Dirk Kempthorne, pursuant to Federal Rule of Civil Procedure 25(d).

¶ 3 (hereinafter, "Am. Compl.").[2] She has worked for the Agency since 1978. *Id.* From approximately April 1984 until June 2000, Plaintiff was assigned to work as a tractor operator at Rock Creek Park in Washington, D.C. *Id.* In June of 2000, she suffered a near fatal allergic reaction to a bee sting while at work; she was able to return to work at the Agency, but was removed from all outside duties. *Id.* She was re-assigned to work at the Rock Creek Nature Center (hereinafter "Nature Center").[3] *Id.* ¶¶ 3-4. Plaintiff states that she was never given a job description of the new position, but was told that her job including cleaning the building. *Id.* ¶ 4.

Prior to her assignment to the Nature Center, Plaintiff had worked Monday through Friday as a tractor operator and was able to attend church and Bible study on the weekends. *Id.* ¶ 5. When she began working at the Nature Center, however, she was required to work Saturdays and Sundays. *See id.* Plaintiff asked her supervisor, Dwight Madison, if she could have the weekends off so that she could attend a Bible college on Saturdays and attend church services on Sundays. *Id.* ¶ 6. According to Plaintiff, Mr. Madison refused the request and informed Plaintiff that he had been told by his Assistant Superintendent and Superintendent that Plaintiff could not be allowed to have weekends off because all front line interpretive staff assigned to the Nature

---

[2] In setting forth the relevant background and in considering Defendant's motion to dismiss, the Court has considered, as it must, only the "facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record." *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Although Defendant purported to attach a copy of the EEOC decision to his motion to dismiss, *see* Def.'s MTD at 3, no such copy was actually attached, and the Court has not considered any materials not included in the Amended Complaint itself.

[3] Plaintiff states in paragraph 4 of her First Amended Complaint that she was assigned to the Rock Creek Nature Center in June of 2004. *See* Am. Compl. ¶ 4. This appears, however, to be a typographical error, as it evident from the context of the surrounding statements that Plaintiff was transferred to this new position in June of 2000—not 2004.

Center—which included Plaintiff—must work Wednesday through Sunday. *Id.* On several other occasions between June 2000 and May 2004, Plaintiff repeated her request to Madison and others for time off on Saturdays and Sundays so that she could attend Bible college and church services. *Id.* ¶¶ 7-11. Each time she was refused. *Id.*

In September of 2004, Plaintiff filed an Equal Employment Opportunity ("EEO") Complaint alleging that she had been discriminated against on the basis of religion by her employer, the Agency. *Id.* ¶ 11. At some later unspecified time, Plaintiff also added a claim for retaliation to her EEO Complaint. *See id.* ¶ 18. Plaintiff's EEO Complaint proceeded to the Equal Employment Opportunity Commission ("EEOC"), and an Administrative Judge issued a final decision finding that (1) the Agency had discriminated against Plaintiff based on religion, but that (2) the Agency had not retaliated against Plaintiff based on her protected EEO activity. *Id.* ¶ 17. In October of 2007, the Administrative Judge entered an order of damages against the Agency, which the Agency paid to Plaintiff in December of 2007. *Id.* ¶ 18.

Plaintiff filed the instant action on January 1, 2008. Plaintiff's original Complaint alleged a single count of retaliation in violation of Title VII. *See* Complaint, Docket No. [1]. As is apparent from review of Plaintiff's Complaint, her claim for retaliation is identical to—and based on the same facts as—the claim for retaliation that was asserted in her EEO Complaint and ruled upon by the Administrative Judge. *See generally id.* Plaintiff thereafter amended her Complaint on July 7, 2008 to add an allegation that she was retaliated against in January of 2008 (*i.e.*, after the EEOC decision was rendered in October 2007) when the Agency refused to assign her to a light duty work position after she returned from an extended medical leave of absence. *See* Am.

Compl. ¶ 19.[4]

Defendant filed the instant Motion to Dismiss on September 25, 2008, arguing that Plaintiff's Amended Complaint must be dismissed for, *inter alia*, failure to state a claim under Federal Rules of Civil Procedure ("Rule") 12(b)(1).[5] *See* Def.'s MTD, Docket No. [11]. Specifically, Defendant sets forth two principal arguments. First, to the extent Plaintiff's retaliation claim is identical to and based on the same allegations asserted in her EEO Complaint, Defendant contends that the claim must be dismissed because a complainant may not seek review of only a portion of an EEOC decision—here, the Administrative Judge's finding that there was no retaliation. Def.'s MTD at 5-7; Def.'s Reply at 3-5. Second, to the extent Plaintiff asserts additional allegations of retaliation that were not included in the original EEO Complaint, such allegations must be dismissed because Plaintiff has failed to exhaust her administrative remedies. *See* Def.'s MTD at 5, n. 1; Def.'s Reply at 2, n. 2. Plaintiff subsequently filed her opposition, *see*

---

[4] In amending her complaint, Plaintiff also changed the caption for Count One of the Complaint—the sole count asserted—to read "discrimination and retaliation," where previously it had read only "retaliation." *See generally id.* Plaintiff, however, did not add an additional count to her complaint or provide any additional facts in support of a new discrimination claim. *See generally* Am. Compl. Moreover, Plaintiff, in her briefing now before the Court, indicates that she does not, in fact, assert a separate discrimination claim. Specifically, Plaintiff clarifies that the Amended Complaint challenges only the "one claim that [Plaintiff] lost before the EEOC"—*i.e.*, the claim for retaliation—as well as "an additional act of retaliation in January 2008." Pl.'s Opp'n at 2. Plaintiff further states that she "is not challenging the decision in her favor on the religious discrimination-failure to accommodate claim." *Id.* at 1-2. As the only facts included in the Amended Complaint that arguably support a claim of discrimination are identical to those underlying her religious discrimination claim asserted in her EEO Complaint, *see generally* Am. Compl., the Court understands that Plaintiff's Amended Complaint does not include a separate claim for discrimination in violation of Title VII.

[5] Defendant also moved, in the alternative, for dismissal pursuant to Rule 12(b)(1). *See generally* Def.'s MTD. For the reasons explained below, the Court concludes that dismissal pursuant to Rule 12(b)(6), rather than 12(b)(1), is appropriate.

Pl.'s Opp'n, Docket No. [16], and Defendant its reply, *see* Def.'s Reply, Docket No. [17]. Accordingly, as briefing on Defendant's motion is complete, the case is now ripe for resolution.

**II. LEGAL STANDARD**

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be

derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

## III. DISCUSSION

As explained above, Plaintiff's Amended Complaint asserts that the Agency retaliated against Plaintiff for her participation in protected EEO activity. The Court first considers Plaintiff's claim to the extent it is based on the same allegations asserted in her EEO Complaint, before then turning to consider Plaintiff's allegations (not included in her original EEO Complaint) that she was retaliated against in January of 2008.

### *A. Plaintiff's Retaliation Claim Must be Dismissed to the Extent it is Based on the Same Allegations Asserted in her EEO Complaint*

Under Title VII of the Civil Rights Act of 1964, federal employees dissatisfied with the administrative resolution of their EEO complaints are entitled to bring a civil action in district court against the head of the relevant government agency. *See generally* 42 U.S.C. § 2000e-16. *See also Scott v. Johanns*, 409 F.3d 466, 467-68 (D.C. Cir. 2005), *cert. denied*, 546 U.S. 1089 (2006). The first question before the Court is whether a federal employee who obtains a final administrative disposition that finds discrimination in the employee's favor, but only as to a portion of the allegations in the EEO Complaint, may challenge in federal court just those liability findings by the EEOC that are unfavorable to the employee—here, the findings of no retaliation—while preserving those liability findings that are favorable to her—here, the findings

of religious discrimination. The Court ultimately concludes that a federal employee may not do so, for the reasons set forth below.

In 1972, Congress extended the protection of Title VII of the Civil Rights Act of 1964 to employees of the Federal Government. *Chandler v. Roudebush*, 425 U.S. 840, 841 (1976). In so doing, Congress sought to "accord[] '[a]ggrieved [federal] employees or applicants . . . the full rights available in the courts as are granted to individuals in the private sector under Title VII.'" *Id.* at 841 (quoting S. Rep. No. 92-415, p. 16 (1971)). Title VII, as amended, thus creates a right of action for both private-sector and federal employees alleging employment discrimination and/or retaliation. *See Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). Both private-sector and federal employees alleging discrimination and/or retaliation under Title VII, however, must generally first exhaust their administrative remedies before they may exercise their rights in court. *Id.* (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 181 (1989), *superceded by statute on other grounds by* 42 U.S.C. § 1981(b)).

As is relevant here, a federal employee who believes that she has been discriminated against in violation of Title VII must first file a complaint with the employing agency. *See* 29 C.F.R. § 1614.106(a). The employing agency then conducts an investigation and, if the employee so requests, refers the matter to an EEOC Administrative Judge for a hearing. *Id.* §§ 1614.106(e)(2), 1614.108-109. After the employing agency investigates—or, if the employee requested a hearing, after the Administrative Judge issues a decision—the employing agency must "take final action." *Id.* § 1614.110. If the employee never requested a hearing, the employing agency's final action must "consist of findings . . . on the merits of each issue . . . and, when discrimination is found, appropriate remedies and relief." *Id.* § 1614.110(b). In cases

where the employee requested a hearing, the employing agency's "final order shall notify the complainant whether or not the agency will fully implement the Administrative Judge's decision." *Id.* § 1614.110(a).[6]

As mentioned previously, complainants who are dissatisfied with the administrative resolution of their EEO complaints are entitled to bring a civil action in district court against the head of the relevant government agency. *See generally* 42 U.S.C. § 2000e-16. Specifically, there are two types of civil actions that may arise from Title VII's federal-sector administrative process. *Scott*, 409 F.3d at 469. First, complainants who prevail in the administrative process may sue to enforce the final administrative judgment. *Id.* That is, if a complainant is successful below, but—for whatever reason—fails to receive their promised remedy, they may sue in federal district court to enforce their final administrative disposition. *Id.* In such an enforcement action, the federal court "reviews neither the discrimination finding nor the remedy imposed, examining instead only whether the employing agency has complied with the administrative

[6] As the Fourth Circuit has observed, "[t]he administrative remedies for federal employees are significantly broader than the administrative remedies for employees in the private sector." *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006). An employee in the private sector who believes that his employer has discriminated against him in violation of Title VII must file an administrative charge with the EEOC against his employer. *See* 29 C.F.R. § 1601.7. The EEOC then investigates the complaint to determine whether there is reasonable cause to believe the employee's allegations. *See* 29 C.F.R. §§ 1601.15, 1601.21. However, "[b]ecause the EEOC has no power to order the private-sector employer to take corrective action even if it finds such reasonable cause exists, 'it must attempt to eliminate the discriminatory practice through informal methods of conciliation.'" *Laber*, 438 F.3d at 416 (quoting *Moore v. Devine*, 780 F.2d 1559, 1562 (11th Cir. 1986)); *see also* 29 C.F.R. § 1601.24. "If these attempts fail, or if the EEOC has found no reasonable cause, the EEOC issues the employee a right-to-sue letter explaining that he may bring a 'civil action' in federal court seeking judicial review of his discrimination claim." *Laber*, 438 F.3d at 416 (citing 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28).

disposition." *Id.*; *Herron v. Veneman*, 305 F. Supp. 2d 64, 75 (D.D.C. 2004). Second, a federal employee "aggrieved by the final disposition of h[er] complaint, or by the failure to take final action on [her] complaint, may file a civil action," under Title VII. 42 U.S.C. § 2000e-16(c); *see also Scott*, 409 F.3d at 469. In an action under section 2000e-16(c) an aggrieved federal employee—like a private-sector employee—is entitled to a "trial de novo" of her employment discrimination claims. *Chandler v. Roudebush*, 425 U.S. 840, 846 (1976).

In this case, Plaintiff's suit falls under the second type of civil action, *i.e.*, an action brought pursuant to section 2000e-16(c). Although somewhat unclear from the face of the Amended Complaint, Plaintiff makes clear in her briefing now before the Court that she is seeking review pursuant to section 2000e-16(c), stating that she "is seeking de novo review of the retaliation claim that she filed with the Agency, which the EEOC issued judgment against her." Pl.'s Opp'n at 2; *see also id.* ("She is challenging the judgment entered in favor of the Agency on the retaliation claim."). The D.C. Circuit has made clear that where, as here, a plaintiff "takes issue with a final administrative disposition—though just a portion of it—her claim arises under 42 U.S.C. § 2000e-16(c), the provision authorizing a cause of action for a party 'aggrieved by [a] final disposition.'" *Scott*, 409 F.3d at 469.

Having established, then, that Plaintiff is bringing a civil action pursuant to section 2000e-16(c), the question then becomes whether a plaintiff bringing an action under that section is entitled to a trial de novo as to only a select portion of the final administration disposition at issue. More specifically, the question is whether a plaintiff may bring suit under section 2000e-16(c) seeking de novo review of only certain liability findings by the EEOC that are unfavorable to the plaintiff while at the same time seeking to preserve liability findings by the EEOC that are

favorable to the plaintiff. Neither party has directed the Court to any decision in this Circuit that has conclusively decided this question, and it therefore appears to be an issue of first impression, at least in the D.C. Circuit.

The Court therefore begins with the language of section 2000e-16(c) itself. As discussed above, section 2000e-16(c) provides that a complainant who is "aggrieved by the final disposition of his complaint . . . may file a civil action" against "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c). Although the statute itself does not define "civil action," the Supreme Court held in *Chandler v. Roudebush*, 425 U.S. 840, 846 (1976), that this provision entitles a federal employee to a trial de novo of his employment discrimination claims. In *Chandler*, the plaintiff, a federal employee, had filed an EEO complaint with her employing agency. *Id.* at 842. The EEOC ultimately found no discrimination, and the plaintiff thereafter filed a civil action in district court. *Id.* The district court reviewed the administrative finding of no discrimination with deference and affirmed the administrative decision, concluding that federal employees are not entitled to a trial de novo where review of the administrative record is sufficient to demonstrate the absence of discrimination. *Id.* at 843. The court of appeals affirmed. *Id.*

The Supreme Court, however, reversed, holding that a federal sector employee is entitled to a trial de novo. *Id.* at 864. In so concluding, the Supreme Court began its discussion by noting the "'well established' rule that" Title VII "accords private-sector employees the right to de novo consideration of their Title VII claims." *Id.* at 844. Because federal employees' right to bring a "civil action" is, by statute, identical to that of private-sector employees, the Supreme Court reasoned that it "follow[ed] syllogistically that federal employees are entitled to a trial de

novo on their employment discrimination claims." *Id.* at 846. Furthermore, the Court found that Title VII's legislative history "confirms that Congress intended to accord federal employees the same right to a trial de novo as is enjoyed by private-sector employees." *Id.* at 848. "Nothing in the legislative history indicates that the federal-sector 'civil action' was to have this chameleon-like character, providing fragmentary de novo consideration of discrimination claims where 'appropriate.'" *Id.* at 861. The Supreme Court thus concluded that

> [t]he Congress was aware of the fact that federal employees would have the benefit of "appropriate procedures for an impartial (agency) adjudication of the complain(t)," and yet chose to give employees who had been through those procedures the right to file a de novo "civil action" equivalent to that enjoyed by private-sector employees. It may well be, as the respondents have argued, that routine trials de novo in the federal courts will tend ultimately to defeat, rather than to advance, the basic purposes of the statutory scheme. But Congress has made the choice, and it is not for us to disturb it.

*Id.* at 863 (quoting House Report 26, U.S. Code Cong. & Admin. News 1972, p. 2160).[7] It is clear that a federal employee, like a private sector employee, is entitled to a trial de novo of her discrimination claims.

The Supreme Court's decision in *Chandler*, however, did not address the precise scope of an employee's right to a trial de novo and therefore left open the question of "whether [a] plaintiff[] may challenge only part of a final determination." *Herron*, 305 F. Supp. 2d at 75. As Judge Henry H. Kennedy, Jr. observed in *Herron*, "*Chandler* assumed, based on the facts before it, that plaintiffs would use § 2000e-16(c) to challenge final agency actions in civil actions only

---

[7] The Supreme Court noted, however, that "[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo." *Chandler*, 425 U.S. at 864, n. 39. Accordingly, "in the light of the prior administrative proceedings, many potential issues can be eliminated by stipulation or in the course of pretrial proceedings in the District Court." *Id.*

when the agencies or the EEOC failed to find discrimination. The Supreme Court did not seem to anticipate cases in which plaintiffs would challenge only part of a final agency action, seeking to preserve the remainder of the EEOC's findings." *Id.* at 76.

Thirty years after the Supreme Court's decision in *Chandler*, the D.C. Circuit addressed for the first time the proper scope of a trial de novo under section 2000e-16(c). *See Scott v. Johanns*, 409 F.3d 466 (D.C. Cir. 2005). In *Scott*, the D.C. Circuit was presented with the question of "whether a federal employee who secures a final administrative disposition finding discrimination but who is dissatisfied with the remedy may challenge only the remedy" in a federal civil action under section 2000e-16(c). 409 F.3d at 467. The D.C. Circuit answered in the negative, concluding that,

> [u]nder Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy.

*Id.* at 471-72. They cannot, however, challenge the remedy only. *See id.*

Several courts in other jurisdictions have reached the same conclusion, finding "that a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor." *Timmons v. White*, 314 F.3d 1229, 1233 (10th Cir. 2003). *See also Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) ("Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the [EEOC's] remedy was insufficient."); *St. John v. Potter*, 299 F. Supp. 2d 125 (E.D.N.Y. 2004) ("Thus, 'the plaintiff should not be able to simply pick and choose those aspects of the agency's decision he or she disagrees with and seek a

second chance only on those issues.'") (quoting *Gaffney v. Potter*, Civ. Act. No. 01-2889, 2002 U.S. Dist. LEXIS 8416 (N.D. Ill. May 13, 2002)); *Cocciardi v. Russo*, 721 F. Supp. 735 (E.D. Penn. 1989) (same).

In so concluding, these courts have emphasized two points of particular relevance to the issue at hand. First, the decisions cited above have noted that "the standard definition of 'trial de novo' is a 'new trial on the entire case—that is, on both questions of fact and issues of law—as if there is had been no trial in the first instance.'" *Herron*, 305 F. Supp. 2d at 77 (quoting *Timmons*, 314 F. 3d at 1233). *See also Cocciardi*, 721 F. Supp. at 737 ("It is well-recognized that a 'trial de novo' requires a trial of all the issues in a particular case."); *Laber*, 438 F.3d at 420-21 ("[n]umerous Supreme Court cases use the term 'trial de novo' . . . to indicate de novo judicial examination of the entire case"). A trial de novo, as generally understood, is distinguished from "an 'appeal' wherein an appellate court reviews the record and makes a determination concerning specific errors." *Cocciardii*, 721 F. Supp. at 737. Because a federal employee is entitled to a trial de novo—not an appeal—these decisions reason that a federal employee is not permitted "to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on issues resolved in his or her favor.'" *St. John*, 299 F. Supp. 2d at 129 (quoting *Timmons*, 314 F.3d at 1233).

Second, as explained by the Supreme Court in *Chandler,* a federal employee is entitled to "the ***same*** right to trial de novo as is enjoyed by private-sector employees.'" *Chandler*, 425 U.S. at 848 (emphasis added). Accordingly, as the D.C. Circuit reasoned, "[r]equiring federal-sector plaintiffs to prove liability puts them in the approximately the same position as private-sector plaintiffs who, unable to obtain legally-biding EEOC findings, *see* 42 U.S.C. § 2000e-5, must

litigate both liability and remedy." *Scott*, 409 F.3d at 470. A holding to the contrary "would violate *Chandler* by giving federal employees ***greater*** rights than private sector employees in a civil action." *Laber*, 438 F.3d at 420 (emphasis in original).

Admittedly, neither *Chandler* or the decisions cited above have directly resolved the question at hand—whether a plaintiff may challenge only those liability findings unfavorable to her while at the same time binding the EEOC to those liability findings favorable to her. Nonetheless, the Court agrees with Defendant that the logic of these cases is persuasive and applies with equal force to the issue now before the Court. As these decisions have reasoned, a trial de novo is generally understood to mean a de novo judicial examination of the entire case. *See supra* at p. 13. Permitting Plaintiff to obtain partial de novo review on only some issues—whether it be liability or remedy findings—is inconsistent with this definition. Similarly, as the cases above emphasize, a federal employee is entitled to a trial de novo to the same extent as a private-sector employee. *See supra* at pp. 13-14. Just as allowing a federal employee to seek judicial review of the remedy only would place the federal employee at an advantage over her private sector counterpart, permitting a federal employee to obtain a trial de novo only as to certain liability findings would also provide the federal employee with greater rights than are available to a private sector employee. Employees in the private sector cannot obtain a legally-binding administrative decision, and so must litigate their entire EEO complaint in federal court if conciliation is not reached below. *See supra* at p.8, n. 6. A federal employee, by contrast, may obtain a binding EEO decision. If they are permitted to appeal only that aspect of the EEOC decision unfavorable to them, while at the same time enforcing those findings favorable to them, the federal employee is essentially provided a second chance to prove

discrimination—an opportunity not available to a private sector employee.

Indeed, the few lower courts that have addressed the specific issue now before the Court have concluded, for the same reasons, that a plaintiff may not seek judicial review of only a portion of an EEOC's liability findings. For example, in *Ritchie v. Henderson*, 161 F. Supp. 2d 437 (E.D. Penn. 2001), a plaintiff sought to challenge only the EEOC's findings of no discrimination in the agency's favor, without also challenging the EEOC's findings of discrimination in his favor. Citing to decisions holding that a plaintiff may not obtain a trial de novo as to remedy only, the district court concluded that it would "not allow plaintiff to challenge the portions of the EEOC decision with which he does not agree while trying to enforce the parts of the decision in his favor." *Id.* at 449. Rather, the court held that "[w]hen a plaintiff is challenging some, but not all of the findings of the EEOC, the appropriate course is a trial de novo, on all of the issues, including liability." *Id.* at 450. Similarly, in *Scott-Brown v. Cohen*, 220 F. Supp. 2d 504, 507 (D. Md. 2002), *aff'd* 54 Fed. Appx. 140 (4th Cir. 2002), the plaintiff had obtained an administrative decision in which "[t]he EEOC found that some of [the alleged] actions constituted discriminatory behavior and others did not." Again, the Court concluded that "the case is not subject to fragmentary review of issues of liability, but must be reviewed de novo in sum." *Id.* at 508. "That is, despite the fact that Plaintiff received a favorable ruling from the EEOC on [certain discrimination allegations] and was only contesting the remedies as to those claims, she opened the door to de novo review of all of her claims when she set them all forth in her Complaint." *Id.*

The logic of these decisions is persuasive, and Plaintiff has not provided any legal authority or case law to the contrary. *See* Pl.'s Opp'n at 2-3. Indeed, Plaintiff has not provided a

single case in support of her position that she is entitled to a trial de novo as to only some, but not all, of the EEOC's findings below. *See id.* The Court therefore concludes that the Plaintiff may not challenge only those findings of liability unfavorable to her, while at the same time seeking to bind the EEOC to those findings in her favor. Rather, she has two options: she may seek to enforce the EEOC decision, or she may seek a trial de novo as to all issues. She may not, however, selectively obtain de novo review of only those findings she disagrees with. Admittedly, the decision to pursue a trial de novo review as to all issues is a difficult one and not without risk to a plaintiff, as there is always a chance that the court may reach a different conclusion. Although prior administrative findings may be admitted as evidence and many potential issues may therefore be eliminated by stipulation or through pre-trial proceedings, *see Chandler*, 425 U.S. at 864, n. 39, the Court recognizes that this does not necessarily remove all risk from a plaintiff's decision to proceed with a plenary trial de novo as to all issues. However, as the Supreme Court observed, "Congress has made the choice, and it is not for us to disturb." *Chandler*, 425 U.S. at 863-64.

As the Court "cannot review Plaintiff's claim as framed in the Amended [Complaint] until and unless [s]he seeks relief—specifically a full trial de novo—that the Court is allowed provide," *Herron*, 305 F. Supp. 2d at 79, the Court shall GRANT Defendant's motion to dismiss as to Plaintiff's request for partial de novo review of the Administrative Judge's decision pursuant to Rule 12(b)(6).[8]

---

[8]Although Plaintiff has moved for dismissal pursuant to both Rules 12(b)(1) and 12(b)(6), the Court concludes that dismissal pursuant to Rule 12(b)(6) for failure to state a claim is appropriate. *See Scott*, 409 F.3d at 468-69 (affirming district court's dismissal of plaintiff's claim for partial de novo review pursuant to Rule 12(b)(6)).

*B. Plaintiff's Remaining Allegations Must be Dismissed for Failure to Exhaust*

The Court is therefore left with Plaintiff's claim for retaliation based on allegations that she was denied a light duty work assignment in January of 2008 as retaliation for engaging in protected EEO Activity. Am. Compl. ¶ 19. Plaintiff's Amended Complaint does not allege that she exhausted her administrative remedies as to this allegation, and Plaintiff has conceded that this claim "was not heard at the administrative level." Pl.'s Opp'n at 3. Plaintiff nonetheless contends that the claim "may be brought in this court because it is like or related to the administrative complaint and arises out of the administrative claim." *Id*. However, "as the Supreme Court's seminal decision in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002) makes clear, a Title VII plaintiff is required to exhaust his or her administrative remedies with respect to each discrete allegedly discriminatory or retaliatory act." *Wada v. Tomlinson*, 517 F. Supp. 2d 148 (D.D.C. 2007), *aff'd* 296 Fed. Appx. 77 (D.C. Cir. 2008). As this Court has previously observed, the Supreme Court's decision in *Morgan* "'rejected the 'continuing violation' theory that would permit plaintiffs to recover for discrete acts of discrimination and retaliation that were not exhausted but were 'sufficiently related' to exhausted claims." *Id.* (quoting *Keeley v. Small*, 391 F. Supp. 2d 30, 40 (D.D.C. 2005)). Accordingly, the Court shall GRANT Defendant's motion to dismiss as to Plaintiff's additional retaliation allegations for failure to state a claim pursuant to Rule 12(b)(6).[9]

---

[9] Although Plaintiff has moved for dismissal pursuant to both Rule 12(b)(1) and 12(b)(6), the Court concludes that the motion to dismiss for exhaustion is more appropriately treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Marcelus v. Corrections Corp. of Am.*, 540 F. Supp. 2d 231, 235 & n.4 (D.D.C. 2008) (citing cases). *See also Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 64, n. 6 (D.D.C. 2008) ("Motions to dismiss for lack of subject matter jurisdiction are cognizable under Federal Rule of Civil Procedure

## III. CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant's [11] Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This case it therefore dismissed in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Date: June 22, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

12(b)(1). However, motions to dismiss for failure to exhaust administrative remedies are more appropriately analyzed under Rule 12(b)(6).") (internal quotation marks omitted).